## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES L. GLOVER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SCOTT FIDAAND, Chief of Police | : | |
| Agency Head, HORHSAM POLICE | : | |
| DEPARTMENT and OFFICER BONITA | : | |
| RODRIGUEZ and Other Officers Involved | : | NO. 23-2056 |

### MEMORANDUM

**Savage, J.**                                                      **October 24, 2023**

Plaintiff James L. Glover, acting pro se, filed a civil rights complaint asserting violations of his constitutional rights.[1]  His claims arise from a stop and search event that occurred in Horsham, Pennsylvania.  He names Horsham Police Chief Scott Fidaand, the Horsham Police Department, and Horsham Police Officer Bonita Rodriguez as defendants.[2]

Glover seeks leave to proceed *in forma pauperis*.[3]  Because it appears that he is not capable of paying the fees to commence this civil action, we shall grant him leave to proceed *in forma pauperis*.  We shall dismiss his Complaint with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because his claims are barred by the statute of limitations.

---

[1] Compl. 1, ECF No. 2 ["Compl"]. Glover filed two additional actions at the time he filed the instant action.  *See Glover v. Outlaw, et al.*, No. 2:23-cv-2057 (E.D. Pa. filed May 27, 2023) and *Glover v. Outlaw, et al.*, No. 2:23-cv-2058 (E.D. Pa. filed May 27, 2023).

[2] Compl. 1. In the body of his Complaint, Glover refers to the following "other officers": Banner (K-9), Andrew W. Darcy, Kevin J. Pope, William J. Daly, and Jeffrey H. Woodruff.  *Id.* at 3.  It is not clear whether Glover intended to assert claims against these individuals or merely listed them as potential witnesses because they are not identified by name in either the caption of the Complaint or the factual allegations giving rise to Glover's claims.

[3] *See* Mot. for Leave to Proceed *in Forma Pauperis*, ECF No. 5.

**Factual Allegations**[4]

Describing the incident giving rise to his claims broadly in a single paragraph, Glover alleges that on March 30, 2021, an unidentified defendant searched him without a warrant or probable cause.[5]   The defendant obtained his name and driver's license, checked for a LTCF (we assume this refers to a license to carry a firearm), and ran his name through the NCIC database.[6]   He alleges that video evidence of the search may have been destroyed.[7]   He refers to an Incident Report No. 2021-05170.[8]

Glover asserts violations of his Fourth Amendment rights and his rights under the Pennsylvania Constitution.[9]   He also asserts a claim based on "spoliation of evidence" under "Title 18 United States Code."[10]   He claims that he has suffered emotional distress and reputational damage.[11]  He seeks money damages and unspecified injunctive relief.[12] He also asserts that the statute of limitations applicable to his claims was tolled because he did not learn of the violation of his rights until after June 24, 2021, when he allegedly requested records related to the incident described.[13]

---

[4] The allegations set forth in this Memorandum are taken from Glover's Complaint.

[5] Compl. 2.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id*. He does not refer to any section of Title 18.

[11] *Id.*

[12] *Id.*

[13] *Id.* at 2–3.

**Standard of Review**

Because the plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies. We must screen the Complaint and dismiss it if it fails to state a claim upon which relief may be granted.

In determining whether a complaint fails to state a claim under § 1915(e), a court applies the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000). All well-pleaded allegations in the complaint are accepted as true and viewed in the light most favorable to the plaintiff. *Powell v. Weiss*, 757 F.3d 338, 341 (3d Cir. 2014). Additionally, the *pro se* plaintiff's pleadings must be considered deferentially, affording him the benefit of the doubt where one exists. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013) (citing *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011)).

**Discussion**

A statute of limitations is an affirmative defense that ordinarily must be pled in a responsive pleading. *See Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) (citing Fed. R. Civ. P. 8(c)(1)). Nevertheless, where the expiration of the limitations period appears on the face of the complaint, a statute of limitations defense may be raised in a Rule 12(b)(6) motion. *Id.* (citing *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)). When screening for dismissal under § 1915, we may dismiss a complaint *sua sponte* when the statute of limitations defense is obvious from the face of the complaint. *Whitenight v. Commonwealth of Pennsylvania State Police*, 674 F. App'x 142, 144 (3d Cir. 2017) (per curiam) (additional citations omitted) (citing *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006)).

The statute of limitations in a § 1983 action is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). The Pennsylvania statute of limitations for a personal injury action is two years. *Id.* (citing 42 Pa. Cons. Stat. § 5524(2)). Thus, the statute of limitations for § 1983 claims arising in Pennsylvania is two years.

The Pennsylvania statute of limitations for personal injury actions begins to run when the plaintiff knows of his injury, its operative cause, and the causal connection of the injury to the operative cause. *Anthony v. Koppers Co.*, 425 A.2d 428, 431 (Pa. Super. 1980), *rev'd on other grounds*, 436 A.2d 181 (Pa. 1981). In most cases, knowledge of the injury and its cause are contemporaneous.

Glover alleges that the incident giving rise to his constitutional claims occurred on March 30, 2021. He filed his Complaint on May 27, 2023, more than two years after the alleged illegal search was conducted. He knew at the time of the search all he needed to know to bring an action. He knew then of his alleged injury. Thus, because the expiration of the statute of limitations is apparent on the face of the complaint, we shall dismiss his Complaint.

### Conclusion

For the reasons stated, we shall grant Glover's motion for leave to proceed *in forma pauperis*. Because his claims are barred by the statute of limitations, we shall dismiss his Complaint with prejudice for failure to state a claim.